**Yungan ZHENG; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76705.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Khagendra Gharti–Chhetry, Esq., Chhetry & Assoc. P.C., New York, NY, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-land Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Brett A. Sagel, Esq., Office of the U.S. Attorney, Santa Ana, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Yungan Zheng and Airong Chen, natives and citizens of China, petition for review of the order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, the petitioners are statutorily ineligible for asylum.

Substantial evidence supports the IJ's and BIA's adverse credibility determination based upon inconsistencies between Zheng's testimony and petitioners' asylum application regarding the nature of the injuries he sustained while in detention, and the type of medical treatment he received. *See id.* at 963. Substantial evidence also supports the IJ's finding that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Zheng gave inconsistent testimony regarding the petitioners' claim of persecution under China's coercive family planning policy. *See id.* These findings go to the heart of petitioners' asylum claim. We therefore conclude that substantial evidence supports the IJ's and BIA's decision that the petitioners failed to establish eligibility for withholding of removal. *See id.* at 964.

Substantial evidence also supports the IJ's and BIA's finding that petitioners failed to credibly establish that they are eligible for relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.